RECEIVED

FEB 12 2026

BY MAIL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA, )
                 Plaintiff, )
v.                     ) No. 4:24-cr-00058-JMD-JSD-1
                    )
BRANDON SHAW,        )
                Defendant. )
                    )

**MOTION OBJECTING TO THE UNITED STATES OF AMERICA's UNTIMELY MOTION FOR EXTENSION OF TIME TO FILE A RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDICIAL REVIEW AND RELIEF, IN THE ALTERNATIVE MOTION TO DISMISS THE INDICTMENT**

COMES NOW, BRANDON SHAW, defendant, pro hac vice and/or pro se, and by leave of court, and pursuant to Rule(s) 51(b) and 56(a), Fed. R. Crim. Proc., and objects to the United States of America's untimely Motion for Extension of Time (ECF No. 140 and 141), and the Order (ECF No. 143) of Magistrate Judge the Honorable Joseph S. Dueker, that granted said motion, in that, Assistant U.S. Attorney Jennifer L. Szczucinski in bad faith, knowingly made false statement of material facts within said motion in order to establish good cause and/or excusable neglect under Rule 45(b) et seq.; stating falsely that she did not know she had to file a response to defendant's pro se Motion for Judicial Review and Relief Under the Administrative Procedure Act Pursuant to Title 5, United States Code, §§ 701-706, In the Alternative, Motion to Dismiss Indictment (ECF No. 123); when Magistrate Judge the Honorable Joseph S. Dueker, in open court, advised Assistant U.S. Attorney Jennifer L. Szczucinski that she was required to respond to the defendant's pro se motion(s); and on September 18, 2025, Magistrate Judge the Honorable Joseph S. Dueker Ordered (ECF No. 113) Assistant U.S. Attorney Jennifer L. Szczucinski to respond to the defendant's pro se motion(s). This

Court should not consider the United States of America's Response in Opposition to Defendant's Motion for Judicial Review and Relief, in the Alternative, Motion to Dismiss the Indictment (ECF No. 144), and proceed to the merits of the defendant's pro se Motion for Judicial Review and Relief Under the Administrative Procedure Act Pursuant to Title 5, United States Code, §§ 701-706, in the Alternative, Motion to Dismiss Indictment (ECF No. 123).

1. It is clearly established under federal law that procedural due process imposes constraints on governmental decisions which deprive individuals of "liberty" within the meaning of the Due Process Clause of the Fifth Amendment of the U.S. Constitution. See Mathews v. Eldridge, 424 U.S. 319, 332-333 (1976); Armstrong v. Manzo, 380 U.S. 545, 552 (1965). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." (quoting Eldridge, supra, at 334). The Due Process Clause of the Fifth Amendment of the U.S. Constitution guarantees a defendant fundamental rights to have an impartial judge during the adjudication process at all stages of the proceedings. See Tumey v. Ohio, 273 U.S. 510, 532 (1927). "Every procedure which would offer a possible temptation to the average man as a judge to forget the burden of proof required to convict the defendant, or which might lead him not to hold the balance nice, clear and true between the . . . (Government) and the accused, denies the latter due process of law." (quoting Tumey, supra, at 532) (emphasis added).

2. Rule 3.05, Local Rules for the United States District Court for the United States District Court for the Eastern District of Missouri, states: "Deadlines for filing requests for disclosure of evidence and information, the disclosure of evidence and information, and deadlines for filing any pretrial motions, shall be governed by an order of Court entered at or after a defendant's arraignment."

3. Rule 12(c)(1), Fed. R. Crim. Proc., permits the Court to "set a deadline for the parties to make pretrial motions." Rule 12(c)(2), Fed. R. Crim. Proc., states that "[a]t any time before trial, the court may extend or reset the deadline for pretrial motions." Thus, if a pretrial motion or response is not made by the deadline, "the motion is untimely;" and the Court may "consider the defense, objection, or request if the party shows [good cause]." See Rule 12(c)(3), Fed. R. Crim. Proc.; U.S. v. Blocker, 2023 U.S. Dist. LEXIS 41397, at *3 (Dist. Minn. Mar. 9, 2023).

4. Rule 45(b)(1)(A) and (B), Fed. R. Crim. Proc., states: "(b) Extending Time. (1) In General. When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made: (A) before the originally prescribed or previously extended time expires; or (B) after the time expires if the party failed to act because of [excusable neglect]."

5. A filing deadline is the paradigm of a claim-processing rule; and Rule 12(c)(1), Fed. R. Crim. Proc., is a claim-processing rule that is inflexible, because of Rule 45(b)(1)(A) and (B), Fed. R. Crim. Proc., insistent demand for a definite and to proceedings. See, e.g., Bowles v. Russell, 551 U.S. 205, 218 (2007); Eberhart v. U.S., 546 U.S. 12, 19 (2005). In Eberhart, the Supreme Court held that "[t]hese claim-processing rules thus assure relief to a party properly raising them, but do not compel the same result if the party forfeits them." Id. 546 U.S. at 19.

6. When either party in a criminal proceeding fails to timely file a pretrial motion, response, or motion for extension of time before the originally prescribed or previously extended time expires pursuant to Rule(s) 12(c)(1), 12(c)(3), 45(b)(1)(A), and 45(b)(1)(B), Fed. R. Crim. Proc.; that party must establish "good cause" (cause and prejudice), or excusable neglect. See, e.g., U.S. v. Fry, 792 F.3d 884, 888 (2015); Jefferson v. Hicks, 364 Fed. Appx. 281, 283 (8th Cir. 2010); Ceridian Corp. v. SCSC Corp., 212 F.3d 398, 403 (8th Cir. 2000); Pioneer Inv. Services Co. v. Brunswick Asso. Ltd. Partnership, 507 U.S. 380, 394 (1993).

In Hicks, the Eight Circuit Court of Appeals held that "[e]xcusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." See Hicks, 364 Fed.Appx. at 283. Further, the Eighth Circuit held that "Pioneer 'did not alter the traditional rule that mistakes of the law was an insufficient basis for excusing a failure to comply with a deadline. And, no circuit that has considered the issue after Pioneer has held that an attorney's failure to grasp the relevant procedural law is 'excusable neglect.'" See Hicks, supra; Caridian, 212 F.3d at 404; See also U.S. v. Mink, 107 F.4th 824, 830 (8th Cir. 2024); U.S. v. Foster, 623 F.3d 605, 608 (8th Cir. 2010).

7. Court records are matters of public record; and this Court may take judicial notice of public records. See, e.g., Humphrey v. Eureka Gardens Pub. Facility Bd., 891 F.3d 1079, 1081 (8th Cir. 2018); Greenman v. Jessen, 787 F.3d 882, 887 (8th Cir. 2015); Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007).

8. Assistant U.S. Attorney Jennifer L. Szczucinski (hereafter "Attorney Szczucinski") cannot legitimately claim inadvertence, mistake, or ignorance to the Orders of this Court, and the pretrial motion deadlines set thereby, to attempt to establish good cause (cause and prejudice), or excusable neglect for her failure to timely file a Response to the defendant's pro se Motion for Judicial Review and Relief Under the Administrative Procedure Act Pursuant to Title 5, United States Code, §§ 701-706, in the Alternative, Motion to Dismiss Indictment (ECF No. 123) (hereafter "pro se Motion for Judicial Review"), or timely file a motion for extension of time before the originally prescribed or previously extended time expired pursuant to Rule 45(b)(1)(A), in that, the records and/or Docket of this Court is public record that Attorney Szczucinski had unlimited and unrestricted access to this Court's Docket; and Attorney Szczucinski knew or reasonably should have known of this Court's Order(s) and deadlines set on September 18, 2025, Order (ECF No. 113); October 20, 2025, Order (ECF No. 118); November 18, 2025, Order (ECF No. 122); December 31, 2025,

Order (ECF No. 136); and January 12, 2026, Order (ECF No. 138); inasmuch, Attorney Szczucinski did not file any response to the defendant's pro se Motion for Judicial Review before this Court's Ordered (ECF No. 122) deadline expired on December 16, 2025; and on December 29, 2025, she filed an untimely Response (ECF No. 131) to defendant's Motion to Compel (ECF No. 127); filed an untimely Response (ECF No. 135) to defendant's Motion for Return of Property (ECF No. 128); filed an untimely Motion for Extension of Time to file a Response/Reply (ECF No. 132, 133, and 134); and filed an untimely Response (ECF No. 139) to defendant's Motion to Dismiss Indictment (ECF No. 139).

9. Perspectively, on January 29, 2026, Attorney Szczucinski filed an untimely Motion for Extension of Time (ECF No. 140 and 141), and stated falsely therein, that she did not know she had to respond to the defendant's pro se Motion for Judicial Review (ECF No. 123); when Magistrate Judge the Honorable Joseph S. Dueker (hereafter "Judge Dueker"), in open court, instructed Attorney Szczucinski that she was required to file responses to the defendant's pro se motions; and issued an Order (ECF No. 113) commanding Attorney Szczucinski to respond to the defendant's pro se motions. However, Judge Dueker, exercising his bias against the defendant, knowing that Attorney Szczucinski's statements in her untimely Motion for Extension of Time (ECF No. 140 and 141) was false; issued an Order (ECF No. 143) granting Attorney Szczucinski's untimely Motion for Extension of Time (ECF No. 140 and 141); and Attorney Szczucinski did not, as a matter of law, establish good cause (cause and prejudice), or excusable neglect; in order to give an unfair tactical advantage to Attorney Szczucinski over the defendant at the pretrial motion stage of the criminal proceedings; thereby causing prejudice to the defendant, unconstitutionally denied him of his fundamental constitutional rights to an impartial judge and procedural due process of law as guaranteed and protected by the Due Process Clause of the Fifth Amendment of the U.S. Constitution;

and this Court should not consider the United States of America's Response in Opposition to Defendant's Motion for Judicial Review and Relief, in the Alternative, Motion to Dismiss Indictment (ECF No. 144). See Jefferson v. Hicks, 364 Fed. Appx. 281, 283 (8th Cir. 2010); Caridian Corp. v. SCSC Corp., 212 F. 3d 398, 404 (8th Cir. 2000); Tumay v. Ohio, 273 U.S. 510, 532 (1927).

Respectfully submitted,

Brandon Shaw, defendant

Certificat of Service

I, Brandon Shaw, do hereby certify and declare under the penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct, and was executed this 8th day of February of 2026, and mailed postage prepaid to:

Nathan M. Graves
Clerk of Court
United States District Court
Eastern District of Missouri
111 South 10th Street
St. Louis, MO 63102

Brandon Shaw, defendant
84807/50003-044
Phelps County Jail
Pod H / Call H5
500 West 2nd Street
Rolla, MO 65401

Brandon Quentin Shaw
4807 / 50003-044
Phelps County Jail
Pod H / Cell H5
500 West 2nd Street
Rolla, MO 65401

\*LEGAL MAIL\*

RECEIVED

FEB 12 2026

BY MAIL

63102-112894

KANSAS CITY 640

10 FEB 2026 PM 4

FIRST-CLASS

US POSTAGE ™ PITNEY BOWES

ZIP 65401 $ 000.74⁰
02 7W
0008030986 FEB. 09. 2026

Nathan M. Graves
Clerk of Court
United States District Court
Eastern District of Missouri
111 South 10th Street
St. Louis, MO 63102