UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MISSOURI

EASTERN DIVISION

UNITED STATES OF AMERICA,  )

              Plaintiff,  )

v.                     ) No. 4:24-cr-00058-JMD-JSD-1

                       )

BRANDON SHAW,  )

            Defendant.  )

RECEIVED

MAR 3 1 2026

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

## MOTION TO DISMISS

COMES NOW, BRANDON SHAW, defendant, pro hac vice or pro se, by leave of court, pursuant to Rule(s) 12(b)(2), 51(b), and 56(a), Fed. R. Crim. Proc., and prays this Honorable Court grant review and relief on the grounds that this Honorable Court has lost power and jurisdiction to proceed to judgment, and committed fundamental constitutional error, in violation of the defendant's fundamental constitutional rights to have the effective assistance of counsel for his defense at the pretrial motion stage of the prosecution, conflict-free representation of counsel, and due process of law as guaranteed and protected by the Due Process Clause of the Fifth Amendment and the Counsel Clause of the Sixth Amendment of the United States Constitution, and in violation of the rule of law in the Eighth Circuit precedents Robinson v. Norris, 60 F.3d 457, 460 (8th Cir. 1995) and

1 of 14

Barry v. Lockhart, 873 F.2d 1168, 1170-1171 (8th Cir. 1989); when Magistrate Judge Joseph S. Dueker refused to appoint the defendant new counsel, and instead advised the defendant that he could file two [pro se] pretrial motions, because appointed counsel, Attorney Matthew A. Radefeld, refused to provide the defendant with any assistance in the preparation, presentation, and litigation of his defenses of outrageous government conduct, selective law enforcement, selective prosecution, and judicial review of the federal agency action(s) of the employees and/or officers of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and the United States Attorney's Office under the Administrative Procedure Act ("APA") pursuant to 5 U.S.C. §703; and, Magistrate Judge Joseph S. Dueker issued an Order (ECF No. 113) that was the functional equivalent of [tacitly authorizing] Attorney Matthew A. Radefeld not to provide the defendant with any assistance in the preparation, presentation, and litigation of his defense raised in the defendant's [pro se] Motion for Judicial Review and Relief Under the Administrative Procedure Act Pursuant to Title 5, United States Code, §§ 701-706, In the Alternative, Motion to Dismiss Indictment (ECF No. 123); and as a result of Magistrate Judge Joseph S. Dueker's constitutional error the defendant suffered actual prejudice, and was actually and/or constructively denied his Sixth Amendment rights to have the effective assistance of counsel for his defense and conflict-free representation of counsel at the pretrial motion stage of the prosecution; and the defendant did not knowingly,

intelligently, and voluntarily waive his Sixth Amendment rights to have the effective assistance of counsel and conflict-free representation of counsel. Therefore, this Honorable Court has lost power and jurisdiction to proceed to judgment; and "[a] motion that the court lacks jurisdiction may be made at any time while the case is pending. See U.S. v. Wolff, 241 F.3d 1055, 1056-1057 (8th Cir. 2001); Johnson v. Zerbst, 304 U.S. 458, 467-468 (1938).

1. Applying the "doctrine of stare decisis" to the facts here in the defendant's case, in that, "like facts will receive like treatment in a court of law." See Bendet v. Sandoz Pharms. Corp., 308 F.3d 907, 911 (8th Cir. 2002). "It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." (quoting Owsley v. Luebbers, 281 F.3d 687, 690 (8th Cir. 2002)). The Eighth Circuit Court of Appeals in Robinson v. Norris, 60 F.3d 457 (8th Cir. 1995), addressed a set of facts where a state defendant at trial had been convicted of theft, aggravated robbery, and unlawful possession of a firearm. After sentencing, the trial judge advised the defendant that he could file [pro se] a motion for a new trial alleging any claims that his trial attorney had rendered ineffective assistance. However, the defendant did not pursue a motion for a new trial during the thirty-day period, but continued to be represented by his trial attorney that pursued a direct appeal to the state Supreme Court, in which affirmed the convictions of the defendant. The defendant subsequently filed a habeas corpus petition in federal court

3 of 14

pursuant to 28 U.S.C. § 2254, and claimed therein that he had been unconstitutionally deprived of counsel to pursue his motion for new trial, relying on the jurisprudence of the Eighth Circuit's precedent Dawan v. Lockhart, 980 F.2d 470, 473-475 (1992). The federal district court conditionally granted the writ on the grounds that the motion for new trial represented "a critical stage" to which the constitutional right thus far, to have the effective assistance of counsel attached, and that the defendant had therefore been denied his Sixth Amendment right to counsel to pursue such motion. Id., 60 F.3d at 459. The respondent appealed to the Eighth Circuit Court of Appeal, in which affirmed the district court's conditional grant of the defendant's habeas corpus, and held that the district court correctly followed the language in Dawn v. Lockhart, supra, and the motion for new trial stage of the proceedings was "a critical stage" and the defendant was entitled to counsel under the Sixth Amendment at all such critical stages; and that the federal district court correctly concluded that the defendant, who in no way waived his right to counsel, "was denied his constitutional right to effective assistance when the state trial court informed him that he could file a [pro se]... (motion for new trial)"; and "... such actual denial of counsel is presumed prejudicial." (quoting Robinson, 60 F.3d at 460); Michigan v. Jackson, 475 U.S. 625, 630-633 (1986); U.S. v. Cronic, 466 U.S. 648, 659 (1984). Further, the Eighth Circuit went on to conclude that the fact that the defendant continued to be represented by trial counsel throughout the thirty-day

4 of 14

period for filing a motion for new trial was of no consequence, in that, the defendant was entitled to separate counsel to pursue his ineffective assistance of counsel claims, and the district court did not err in concluding that the defendant's Sixth Amendment rights had been violated by the denial of separate counsel to pursue a motion for new trial. See Robinson, 60 F.3d at 460.

2. Thus, it is clearly established under federal law that the Sixth Amendment guarantees both federal and state indigent criminal defendants, the fundamental constitutional rights to have the effective assistance of counsel and conflict-free representation of counsel at all critical stages of the prosecution. See Wood v. Ga., 450 U.S. 261, 271 (1981); Argersinger v. Hamlin, 407 U.S. 25, 31-32 (1972); McMann v. Richardson, 397 U.S. 759, 771, n.14 (1970); U.S. v. Wade, 388 U.S. 218, 225 (1967); Gideon v. Wainwright, 372 U.S. 335, 344 (1963); White v. Maryland, 373 U.S. 59, 60 (1963); Hamilton v. Ala., 368 U.S. 52, 53 (1961); Powell v. Ala., 287 U.S. 45, 68-69 (1932). The pretrial motion stage of the criminal prosecution is a critical stage of the prosecution were "[a]vailable defenses may be irretrievably lost, if not then and there asserted." See Hamilton, 368 U.S. at 55; White, 373 U.S. at 60.

3. Thus, it is clearly established under federal law that a court, or the "[g]overnment violates the right to effective assistance when it interferes in certain ways with the

ability of counsel to make independent decisions about how to conduct the defense." See Strickland v. Washington, 466 U.S. 668, 686 (1984). In Strickland, the Supreme Court referred to the factual circumstances set out in Geders v. U.S., 425 U.S. 80, 91-92 (1976); and therein Geders, the trial court had issued an [Order] preventing the defendant from consulting with his attorney about anything during a 17-hour overnight recess between his direct-and-cross examination. The Supreme Court held that the trial court issuing an [Order] that prevented the defendant from consulting his attorney "about anything" during a 17-hour overnight recess between his direct-and-cross examination impinged upon the defendant's right to the assistance of counsel guaranteed by the Sixth Amendment of the United States Constitution. See Geders, 425 U.S. at 91-92.

4. Moreover, it is clearly established under federal law that "[c]ounsel...has a duty to bring to bear such skill and [knowledge] as will render...a reliable adversarial testing process." (quoting Strickland, 466 U.S. at 688); Kimmelman v. Morrison, 477 U.S. 365, 384 (1986). "Because [the adversarial] testing process generally will not function properly unless defense counsel has done some investigation into the prosecution's case and into various defense strategies..." (quoting Wade v. Armontrout, 798 F.2d 304, 307 (8th Cir. 1986)); Strickland, 466 U.S. at 691. Perspectively, here in the defendant's case, Attorney Matthew A. Radefeld refused to provide the defendant with any assistance in the preparation, presentation, and litigation

6 of 14

of his defenses of outrageous government conduct, selective law enforcement, selective prosecution, and judicial review of the federal agency action(s) of the ATF and the United States Attorney's Office under the APA. On September 5, 2025, the defendant filed a [pro se] Motion for New Counsel (ECF No. 110) in this Court, giving the Court notice that Attorney Matthew A. Radefeld was representing the conflicting interests of the government, refusing to provide the defendant with assistance in the preparation, presentation, and litigation of his defenses of outrageous government conduct, selective law enforcement, selective prosecution, and judicial review of the federal agency action(s) of the ATF and the United States Attorney's Office under the APA, in that, Attorney Matthew A. Radefeld acting reasonably under the prevailing professional norms and the investigation of the evidence of the prosecution's case against the defendant, would have realized that there was/is a factual and legal basis for the aforesaid defenses here in the defendant's case, because no "Executive Branch" employee and/or officer of the ATF, the United States Attorney's Office, or the Executive Department of the Department of Justice pursuant to 5 U.S.C. §§ 101, 103, and 105, 28 U.S.C. §§ 501-599B, has constitutional or statutory power to exercise "Article II-Executive Power", or "Article III-Judicial Power" over any term of Supervised Release under 18 U.S.C. § 3583, or any defendant serving a term of Supervised Release under 18 U.S.C. § 3583; to conspiratorially persuade and/or dissuade employees and/or officers of the ATF to hinder, delay, and/or prevent them from arresting a defendant that

7 of 14

violated the [mandatory revocation] conditions of Supervised Release pursuant to 18 U.S.C. § 3583(g)(2), and possibly possessed a firearm in violation of federal law; and to conspiratorially persuade and/or dissuade employee and/or officers of the ATF to hinder, delay, and/or prevent them from communicating information to a Federal judge that a defendant violated the [mandatory revocation] conditions of Supervised Release pursuant to 18 U.S.C. § 3583(g)(2), and possibly possessed a firearm in violation of federal law; and [illegally relieve] a defendant from arrest and the [mandatory revocation] of his Supervised Release through a pattern of illegal racketeering activity of predicate acts of obstruction of justice indictable under 18 U.S.C. §§ 1503(a), 1512(b)(3), 1512(c)(2), 1512(d)(2), and 1512(d)(3), within the meaning of 18 U.S.C. §§ 1961(1)(B), 1961(4), and 1961(5), in violation of 18 U.S.C. §§ 1962(c), 1962(d), and 1963(a); insofar as "No Government Official" has power or discretion to violate the Constitution, or federal criminal laws of the United States. See U.S. v. Pullman, 139 F.4th 35, 52, n. 9 (1st Cir. 2025); U.S. v. Wilson, 939 F.3d 929, 931-933 (8th Cir. 2019); U.S. v. Backlund, 689 F.3d 986, 1000-1001 (9th Cir. 2012); Terrell v. Larson, 396 F.3d 975, 981 (8th Cir. 2005); U.S. v. Kent, 209 F.3d 1073, 1078 (8th Cir. 2000); U.S. v. Henderson-Durand, 985 F.2d 970, 973-974 (8th Cir. 1993); Dubois v. Thomas, 820 F.2d 943, 948 (8th Cir. 1987); U.S. v. Robinson, 311 F.Supp. 1063, 1065-1066 (W.D. Mo. June 18, 1969); See also Esteras v. U.S., 606 U.S. 185, 209 (2025); Trump v. U.S., 603 U.S. 593, 612, 614 (2024); Wooden v. U.S., 595 U.S. 360, 391 (2022); Bostock v. Clayton Cnty., 590 U.S. 644, 699, 674 (2020); Mont v. U.S., 587 U.S. 514, 523 (2019); Stern v. Marshall, 564 U.S. 462, 483 (2011);

Johnson v. U.S., 529 U.S. 694, 697 (2000); FDA v. Brown & Williamson Tobacco Co., 529 U.S. 120, 132-133, 155-156 (2000); Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lexacon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 35 (1998); Salinas v. U.S., 522 U.S. 52, 59 (1997); U.S. v. Armstrong, 517 U.S. 456, 464 (1996); Whren v. U.S., 517 U.S. 806, 813 (1996); U.S. v. Aguilar, 515 U.S. 593, 598 (1995); Lujan v. Defenders of Wildlife, 504 U.S. 555, 577 (1992); Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 208 (1988); La. Public Serv. Comm'n v. FCC, 476 U.S. 355, 374 (1986); Lyng v. Payne, 476 U.S. 926, 937 (1986); Wayte v. U.S., 470 U.S. 598, 608 (1985); U.S. v. Goodwin, 457 U.S. 368, 380, n.11 (1982); Sedima v. Imrex Co., 473 U.S. 479, 488, 495 (1985); U.S. v. Nixon, 418 U.S. 683, 704 (1974); Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 136 (1951); U.S. v. Butler, 297 U.S. 1, 68 (1936); Greene v. McElroy, 360 U.S. 474, 507 (1959); U.S. v. Bank, 282 U.S. 304, 311 (1931); J.W. Hampton, Jr. & Co. v. U.S., 276 U.S. 394, 405-406 (1928); Ex parte United States, 242 U.S. 27, 41-42 (1916); U.S. v. Lee, 106 U.S. 196, 220 (1882); Martin v. Hunter's Lessee, 14 U.S. 304, 326 (1816). Thus, it is more likely than not that Attorney Matthew A. Radefeld reasonably knew of the factual and legal basis to assist the defendant with the preparation, presentation, and litigation of his defenses raised in the defendant's [pro se] Motion (ECF No. 123); but refused to provide any assistance to the defendant to raise those defenses to the government's case, in order to maintain favor with the United States Attorney's Office and the ATF for his own benefit, over providing the defendant with the effective assistance of

counsel; thereby breaching his fiduciary duty of loyalty to the defendant See U.S. v. Almazan, 2013 U.S. Dist. LEXIS 71915, at *8 (W.D. Mo. May 21, 2013); Wood, 450 U.S. at 271; Strickland, 466 U.S. at 692.

5. Perspectively, the defendant, an indigent criminal defendant, sought appointment of new counsel following the jurisprudence of the Eighth Circuit precedent Abdullah v. U.S., 240 F.3d 683, 686 (8th Cir. 2001), and attempted to terminate Attorney Matthew A. Radefeld as his counsel, and have this Court appoint new counsel pursuant to 18 U.S.C. §§ 3006A(a)(1)(D), 3006A(a)(1)(H), and 3006A(a)(1)(I), and Rule 44(a), Fed. R. Crim. Proc.; and on September 18, 2025, Magistrate Judge Joseph S. Dueker refused to appoint new counsel to represent the defendant, and advised the defendant that he could file two [pro se] pretrial motions raising his defenses, without any assistance of Attorney Matthew A. Radefeld; and issued an Order (ECF No. 113) granting the defendant leave to file [pro se] two pretrial motions, of which, was the "functional equivalent" of [tacitly authorizing] Attorney Matthew A. Radefeld to not provide any assistance to the defendant in the preparation, presentation, and litigation of his defenses, that the defendant, without the assistance of Attorney Matthew A. Radefeld, filed one [pro se] Motion (ECF No. 123), three Memorandums (ECF No. 124, 129, and 156), and a Reply (ECF No. 153); and the defendant did not knowingly, intelligently, and voluntarily waive his Sixth Amendment rights to have the effective assistance of counsel for his defense

and conflict-free representation of counsel at the pretrial motion stage of the prosecution. See Robinson v. Norris, 60 F.3d 457, 460 (8th Cir. 1995); Barry v. Lockhart, 873 F.2d 1168, 1170 (8th Cir. 1989).

6. Perspectively, applying the jurisprudence of the Eighth Circuit precedents Robinson v. Norris - and - Barry v. Lockhart to the facts here in the defendant's case, it is no consequence that Attorney Matthew A. Radefeld continued to represent the defendant during the time to file pretrial motions, between September of 2025 - and - March of 2026; that the defendant timely filed one [pro se] Motion (ECF No. 123) raising his defenses without the assistance from Attorney Matthew A. Radefeld; and that Attorney Matthew A. Radefeld filed three pretrial Motions (ECF No. 126, 127, and 128). The record of this Court will elucidate that the defendant did not knowingly, intelligently, and voluntarily waived his Sixth Amendment rights to have the effective assistance of counsel for his defense and conflict-free representation of counsel at the pretrial motion stage of the prosecution, and made a written continuing-Objection (ECF No. 119) to Magistrate Judge Joseph S. Dueker's Order (ECF No. 113); and the defendant, an indigent criminal defendant, was entitled to have new counsel appointed pursuant to 18 U.S.C. §§ 3006A(a)(1)(D), 3006A(a)(1)(H), and 3006A(a)(1)(I), and Rule 44(a), Fed. R. Crim. Proc., to pursue his defenses of outrageous government conduct, selective law enforcement, selective prosecution, and judicial review of the federal agency action of the ATF and the United States

Attorney's Office under the APA, and assist him in the preparation, presentation, and litigation of those defenses. See Robinson, 60 F.3d at 460; Barry, 873 F.2d at 1170-1171.

7. Therefore, as a result of Magistrate Judge Joseph S. Dueker's fundamental constitutional error and Attorney Matthew A. Radefeld's ineffectiveness, the defendant has suffered actual prejudice; actually and/or constructively denied his fundamental constitutional rights to have the effective assistance of counsel for his defense at the pretrial motion stage of the prosecution, conflict-free representation of counsel, and due process of law, in violation of his fundamental constitutional rights guaranteed and protected by the Due Process Clause of the Fifth Amendment and the Counsel Clause of the Sixth Amendment of the United States Constitution; and applying the doctrine of stare decisis and the jurisprudence of the Eighth Circuit precedents Robinson v. Norris -and- Barry v. Lockhart to the facts here in the defendant's case, the defendant's Sixth Amendment rights to have the effective assistance of counsel and conflict-free representation of counsel have been violated, and such actual denial of counsel is presumed prejudicial. See Robinson, 60 F.3d at 460; Barry, 873 F.2d at 1171; Rose v. Clark, 478 U.S. 570, 577 (1986); U.S. v. Cronic, 466 U.S. 648, 659 (1984). The defendant did not knowingly, intelligently, and voluntarily waive his Sixth Amendment rights to have the effective assistance of counsel and conflict-free representation of counsel; and this Court no longer has power and jurisdiction to proceed, and "[a]

motion that the court lacks jurisdiction may be made at any time while the case is pending." See U.S. v. Wolff, 241 F.3d 1055, 1056-1057 (8th Cir. 2001); Johnson v. Zerbst, 304 U.S. 458, 468 (1938).

WHEREFORE, the defendant respectfully prays that this Honorable Court grant review and relief on the merits of the grounds stated herein, and dismiss the Indictment in the above entitled cause with prejudice; and any other relief deemed fair and just.

Respectfully submitted,

Brandon Shaw, defendant, pro hac vice

Certificate of Service

I, Brandon Shaw, do hereby certify and declare under penalty of perjury pursuant to 28 U.S.C. §1746, that the foregoing is true and correct, and was executed this 31st day of March of 2026, and hand delivered to the Deputy Clerk and/or Clerk of Court, Nathan M. Graves at the:

United States District Court
Eastern District of Missouri
111 South 10th Street
St. Louis, MO 63102

Brandon Shaw, defendant, pro hac vice

13 of 14

84807/50003-044

Phelps County Jail

Pod H/Call H5

500 West 2nd Street

Rolla, MO 65401