**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) |  |
| *Plaintiff,* | ) ) |  |
| v. | ) ) |  |
| BRANDON SHAW, | ) ) | No. 4:24-cr-00058-JMD |
| *Defendant.* | ) ) ) ) ) |  |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF UNITED
STATES MAGISTRATE JUDGE**

Having reviewed *de novo* the magistrate judge's report and recommendation, ECF 162, the Court sustains, adopts, and incorporates the report in full except to the extent modified by the analysis below.

Among other arguments, Brandon Shaw seeks to use the Administrative Procedure Act to challenge the investigation and prosecution decisions of federal officials. The report and recommendation concludes that the Administrative Procedure Act permits Shaw to raise his claims only in a separately filed action. The Court disagrees. The Act provides that "agency action is subject to judicial review in civil or *criminal* proceedings for judicial enforcement." 5 U.S.C. § 703 (emphasis added); *see also McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146, 153 n.1 (2025) (stating that the Act applies to "both (i) enforcement actions brought by the Government and (ii) civil suits brought by private parties"). For example, a defendant facing criminal prosecution for violating an agency regulation could, as part of that prosecution, use the Act to challenge the validity of the regulation.

1

Nonetheless, the Court agrees with the recommendation's bottom-line conclusion that the Administrative Procedure Act does not apply here.  The Act permits judicial review of two kinds of agency action: "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court."  § 704.  There is no statute that expressly provides review here, so Shaw must establish that the investigation and prosecution decisions satisfy the definition of "final" agency action.  Generally, two conditions must be satisfied for an agency action to be "final" under the Act.  "First, the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature.  And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow."  *U.S. Army Corps of Eng'rs v. Hawkes Co., Inc.*, 578 U.S. 590, 597 (2016) (citation omitted).  Neither the investigation nor the decision to prosecute is a final agency action.

An investigation alone typically is interlocutory, not final agency action.  *See Thermal Sci., Inc. v. U.S. Nuclear Regul. Comm'n*, 29 F. Supp. 2d 1068, 1075 (E.D. Mo. 1998) ("The initiation of an investigation by an agency does not constitute final agency action.").  By its nature, an investigation typically will be interlocutory because officials may end it at any time.

Nor is the decision to bring a criminal prosecution final agency action.  The decision to file an indictment does not "determine" Shaw's legal rights and obligations.  It is the Court's adjudication of that indictment that will determine Shaw's rights and obligations.  To be sure, the decision to prosecute "is definitive on the question whether" the U.S. Attorney's Office "avers reason to believe" that Shaw has violated the law.  *F.T.C. v. Standard Oil Co. of Cal.*, 449 U.S. 232, 241 (1980).  "But the extent to which [Shaw] may challenge the [prosecution] and its charges proves that the averment of reason to believe is not 'definitive.'"  *Id.* (holding that an agency issuing a complaint that preceded administrative

2

adjudication is not final agency action).  Facing criminal prosecution creates consequences for Shaw.  But "[a]lthough this burden certainly is substantial, it is different in kind and legal effect from the burdens attending what heretofore has been considered to be final agency action." *Id.* at 242.

The Act also does not apply here because judicial review under the Act is unavailable for agency action that "is committed to agency discretion by law." § 701(a)(2).  The relevant statutes in this case resemble statutes that other courts have concluded commit matters to agency discretion.  For example, the agents who investigated Shaw's case are statutorily "responsible for investigating criminal and regulatory violations of the Federal firearms, explosives, arson, alcohol, and tobacco smuggling laws." 28 U.S.C. § 599A(b)(1).  The Eighth Circuit, interpreting a similar statute directing the Secretary of Labor to "promptly investigate . . . and take appropriate action," held that the agency's investigation was not subject to judicial review.  *Greer v. Chao*, 492 F.3d 962, 964 (8th Cir. 2007) (interpreting 38 U.S.C. § 4212(b)).  The agents' investigation of Shaw, "like the final decision whether or not to take enforcement action, is within the 'enforcement arena' and therefore, committed to agency discretion." *Id.* at 965 (citation omitted); *see also Hall v. U.S. Army Corps of Eng'rs*, No. 4:08CV00278 BSM, 2008 WL 5058986, at *13 (E.D. Ark. Nov. 24, 2008) ("Absent a law constraining an agency's discretion in making these decisions, determining the manner in which the agency conducts an investigation is part of the enforcement action committed to agency discretion.").

Likewise, Shaw challenges the decision of the prosecutor's office to initiate this prosecution, but 28 U.S.C. § 547(1) provides that "each United States attorney, within his district, shall prosecute for all offenses against the United States."  Courts have long recognized the prosecutorial discretion to bring or not bring suits.  *See, e.g.*, *Heckler v. Chaney*, 470 U.S. 821, 831 (1985) (recognizing that "an agency's decision not to prosecute or

enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion"); *Fleszar v. U.S. Dep't of Lab.*, 598 F.3d 912, 914 (7th Cir. 2010) ("Prosecutorial decisions are committed to agency discretion."). The agents' investigative decisions and the U.S. Attorney's decision to prosecute are committed to their discretion in this case, so those actions cannot be challenged under the Administrative Procedure Act.

**IT IS HEREBY ORDERED** that the report and recommendation, ECF 162, is adopted as supplemented by this opinion.

**IT IS FURTHER ORDERED** that Shaw's *pro se* motion for Judicial Review and Relief Under the Administrative Procedure Act, in the Alternative, Motion to Dismiss Indictment, ECF 123, is **DENIED**.

**IT IS FURTHER ORDERED** that Shaw's Motion to Dismiss Count One of the Indictment, ECF 126, is **DENIED**.

**IT IS FURTHER ORDERD** that Shaw's Motion to Compel the Production of Certain Discovery, or in the Alternative, to Dismiss Certain Counts, ECF 127, is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Shaw's Motion for Return of Property, ECF 128, is **DENIED** in part and **GRANTED** in part such that the Court orders that the two (2) cell phones seized from Shaw will not be returned to him, but also orders that he will be allowed to access and examine the phones under the supervision of the United States Attorney's Office.

**IT IS FURTHER ORDERED** that Shaw's objections, ECF 177–178, are overruled, and his Motion for Reconsideration, ECF 183, is **DENIED**.

**IT IS FURTHER ORDERED** that Shaw's Motion to Dismiss Counts Seven, Fourteen, Fifteen, and Sixteen, ECF 186, is **DENIED**. Shaw's challenge that 18 U.S.C. § 922(g) does not cover the conduct charged in those counts is not a jurisdictional challenge.

*United States v. Rubin*, 743 F.3d 31, 37 (2d Cir. 2014) (reasoning that "challenges to indictments on the basis that the alleged conduct does not constitute an offense under the charged statute are . . . non-jurisdictional challenges").  His pretrial motion is untimely, and it is not a defense "the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1).

Dated this 5th day of May, 2026

_____
JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI